**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
Attorneys for Plaintiff

| | |
|---|---|
| Elmer Gonzalez,<br><br>*Plaintiff,*<br><br>- vs. -<br><br>Bronx Slice Pizza Corp. d/b/a Bronx Slice, and Bashkim Derbishaj,<br><br>*Defendants.* | **DOCKET NO. <u>1:25-cv-01761</u>**<br><br>**COMPLAINT** |

Plaintiff Elmer Gonzalez, by and through his undersigned attorneys, for his complaint against defendants Bronx Slice Pizza Corp. d/b/a Bronx Slice, and Bashkim Derbishj alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Elmer Gonzalez (hereinafter referred to as "Plaintiff" or "Mr. Gonzalez"), former employee of defendants Bronx Slice Pizza Corp. d/b/a Bronx Slice, and Bashkim Derbishaj (hereinafter collectively referred to as "Defendants"), alleges that that he is entitled to recover from Defendants, jointly and

severally: (i) compensation for unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants, jointly and severally: (i) back wages for overtime work for which the Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to the NYLL for these violations; and (iii) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiff Elmer Gonzalez is an adult individual residing in Bronx, NY.

4. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. At all times relevant herein, Bronx Slice Pizza Corp. d/b/a Bronx Slice has been a domestic business corporation organized under the law of the State of New York with a registered principal place of business at 37 Bruckner Boulevard, Bronx, NY 10454.

6. At all times relevant herein, defendant Bronx Slice Pizza Corp. d/b/a Bronx Slice has been and continued to be an employer

engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Bronx Slice Pizza Corp. d/b/a Bronx Slice has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Bronx Slice Pizza Corp. d/b/a Bronx Slice has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. At all times relevant herein, defendant Bashkim Derbishaj is/was an owner or part owner and principal of Bronx Slice Pizza Corp. d/b/a Bronx Slice, who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

10. At all times relevant herein, defendant Bashkim Derbishaj is/was involved in the day-to-day operations of Bronx Slice Pizza Corp. d/b/a Bronx Slice, and played an active role in managing its business, including managing and supervising Plaintiff.

11. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this

matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendants' business has been located in this district.

**FACTS**

14. At all relevant times herein, defendants Bronx Slice Pizza Corp. d/b/a Bronx Slice and Bashkim Derbishaj owned and operated a store located at 37 Bruckner Boulevard, Bronx, NY 10454 under the name Bronx Slice.

15. Mr. Gonzalez was employed by Defendants at Bronx Slice from approximately June 2022 until January 29, 2025, making pizza and attending to customers.

16. Mr. Gonzalez's work for Bronx Slice was performed in the normal course of defendants' business, was integrated into their business, and did not involve executive or administrative responsibilities.

17. At all relevant times herein while employed at Bronx Slice, Mr. Gonzalez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

18. Mr. Gonzalez's schedule at Bronx Slice, from June 2022 to

January 2025, was that Mr. Gonzalez worked a regular schedule of seven days per week, Sunday, Monday and Saturday, from 12:00 p.m. to 10:00 p.m., and Tuesday, Wednesday, Thursday and Friday from 1:00 p.m. to 10:00 p.m.

19. Consequently, from June 2022 to January 2025, Mr. Gonzalez was typically working at Bronx Slice 66 hours per week.

20. Mr. Gonzalez was paid by Defendants weekly, in cash in the amount of $1,080.

21. Throughout his employment with Defendants, Mr. Gonzalez received no pay stubs or wage statements.

22. Defendants failed to pay Plaintiff an overtime premium for all hours they worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor relations.

23. Defendants' failure to pay Plaintiff the overtime bonus for additional hours they worked was willful and lacked a good faith basis.

24. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each Plaintiff's signature acknowledging the same, upon each Plaintiff's hiring or any time thereafter, in violation of the Wage Theft Prevention Act in effect

at the time.

25. Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

26. Upon information and belief, while Defendants employed Plaintiff and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT ONE**
**(Fair Labor Standards Act – Overtime)**

27. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff overtime compensation for each of the hours he worked in excess of forty hours per workweek.

30. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

31. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

32. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT TWO**
**(New York Labor Law – Overtime)**

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

34. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

35. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

36. Defendants' failure to pay Plaintiff overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

37. Due to the Defendants' New York Labor Law violations,

Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT THREE**
**(New York Labor Law - Wage Theft Prevention Act)**

38. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40. Defendants willfully violated Plaintiff's rights by failing to pay him with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time, thereafter, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

41. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment causing harm up to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

42. Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled

to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

43. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to

29 U.S.C. §216;

e. Liquidated damages for the Defendants’ New York Labor Law violations;

f. Statutory damages for the Defendants’ violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and postjudgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys’ and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: March 3, 2025

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway - Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*